SYMONS BROS. & CO. v. BRINK.

1. FRAUDULENT CONVEYANCES—CHATTEL MORTGAGES—SALES IN BULK—FORECLOSURE—VOLUNTARY SALE.

Regular foreclosure of a chattel mortgage, that was duly executed and properly recorded, though resulting in a sale of the property to realize the indebtedness secured thereby, is not such a voluntary sale as is contemplated by the provisions of Act No. 223, Pub. Acts 1905, known as the bulk sales law.[1]

2. SAME—EQUITY—INJUNCTION—RECEIVERS.

On demurrer to complainant's bill which charged that defendant debtor transferred his stock of groceries and fixtures to his mortgagee otherwise than in the regular course of trade, without complying with the bulk sales act, also that the transfer was a fraud upon creditors of the mortgagor, the facts alleged were sufficient to authorize the interference of a court of equity under such bulk sales law, since an outright sale or transfer of the property from mortgagor to mortgagee might bring the sale within the terms of the statute under the averments of the bill of complaint, which was not demurrable upon the ground of want of equity or for the reason that it failed to aver the value of the property transferred.

Appeal from Crawford; Sharpe, J. Submitted April 21, 1915. (Docket No. 105.) Decided June 14, 1915.

Bill by Symons Brothers & Company and others against Rolla W. Brink and another for an injunction, a receiver and other equitable remedies. From a decree sustaining defendants' demurrer to the bill of complaint, complainants appeal. Reversed.

[1] As to statutory requirements on sale of stock of goods in bulk, see note in 2 L. R. A. (N. S.) 331, 25 L. R. A. (N. S.) 758, and on the question of whether a chattel mortgage is within meaning of sales in bulk law, see note in 12 L. R. A. (N. S.) 758.

*L. G. Beckwith* and *Gilbert W. Hand* (*Oscar W. Baker*, of counsel), for complainants.

*George L. Alexander*, for defendant Hanson.

STEERE, J. This is an appeal from a decree of the circuit court of Crawford county, in chancery, sustaining a demurrer to, and dismissing complainants' bill filed to obtain a temporary injunction, restraining defendants from disposing of or incumbering a certain stock of groceries and fixtures, for the appointment of a receiver to take charge of said property, under Act No. 223, Pub. Acts 1905 (2 How. Stat. [2d Ed.] § 2612), and for an accounting.

Briefly stated, it appears from the allegations in said bill that complainants are mercantile organizations located in business at Bay City and Saginaw. Defendants reside at Grayling, Mich., where defendant Brink was engaged in the retail grocery business. On November 22, 1910, Brink gave a mortgage to defendant Hanson on the former's stock of goods and fixtures, in the sum of $2,134.29, said mortgage being put on record in the office of the city clerk at Grayling on March 23, 1911, an affidavit renewing the same being filed on October 16, 1912, stating that there yet remained due upon said mortgage the sum of $2,084.59. A second affidavit of renewal was filed on November 4, 1914, stating the amount yet due upon said mortgage to be $2,084.59; that between November 1, 1913, and November 4, 1914, complainants sold various bills of merchandise to defendant Brink, out of which accounts arose for deferred payments which were due and payable from Brink to said complainants prior to November 4, 1914, wherefore it is charged that said chattel mortgage is void as to complainants. As ground for equitable relief said bill thereupon further alleges:

"(7) That on, to wit, November 11, 1914, said Rolla

W. Brink transferred all of his said stock of groceries and the fixtures pertaining thereto to said Marius Hanson, otherwise than in the ordinary course of trade and in the regular and usual transaction of his said business, and in violation of all of the provisions of Act 223 of the Public Acts of 1905, known as the 'Sales in Bulk Act.'

"(8) That the aforesaid transfer to said Marius Hanson of said property constitutes a fraud upon your orators. That said transfer to said Marius Hanson by said Rolla W. Brink is absolutely void as to your orators, owing to the provisions of said Act 223 of the Public Acts of 1905, and that your orators are entitled to reach said property so transferred to said Marius Hanson and apply it upon their said claims.

"(9) That by virtue of the provisions of said Act 223 of the Public Acts of 1905, the said Marius Hanson has become a receiver of said stock of merchandise and fixtures pertaining thereto, and is accountable to your orators for all of the goods, wares, merchandise, and fixtures that have come into his possession by virtue of such transfer.

"(10) That said Marius Hanson is threatening to sell and dispose of said stock of merchandise and said fixtures, and is about to do so, to innocent third parties, and if such sale and transfer by said Marius Hanson is permitted to occur, the rights of your orators in said property will be jeopardized and entirely lost."

Complainants filed this bill, claiming the benefits of said Act No. 223, Pub. Acts 1905, making application for an injunction and a receiver, subsequently filing a supplemental bill praying for an accounting; but a stipulation was entered into between the parties, by which the claim for a receivership was waived, it being agreed, however, that complainants waived none of their rights in this suit thereby, nor any claim which they might have against defendant Hanson on account of his having taken possession of the property in question. Hanson thereupon demurred to complainants' bill, on various grounds, the principal questions urged in his counsel's brief being that Brink's indebtedness

to complainants, created between the time when the
first affidavit of renewal had expired and the second
was filed, did not have priority over said mortgage;
that Hanson, in taking possession under and foreclos-
ing his chattel mortgage, was not required to comply
with the so-called "Bulk Sale" act of 1905, and that
any rights complainants might have are enforceable
under appropriate legal proceedings in an action at
law. As a foundation for defendants' chief argument
it is assumed that Hanson was proceeding to foreclose
his chattel mortgage, and took possession of the prop-
erty for that purpose under authority of the mortgage,
which the bill does not allege and complainants' counsel
refuse to concede, saying:

"This is an allegation of fact, and will sustain proof,
either that the groceries and fixtures were voluntarily
turned over, or that Mr. Brink permitted Mr. Hanson
to peaceably take possession."

The bill, on the contrary, distinctly alleges, not that
Hanson demanded and took possession for foreclosure
purposes, but that Brink transferred all of his stock
of groceries and fixtures to him otherwise than in the
ordinary course of trade, etc., in violation of the sales
in bulk act and in fraud of complainants' rights. So
far as shown by the bill, the stock of goods might have
been worth several times the amount secured by the
chattel mortgage and bought outright, in bulk, by Han-
son at Brink's solicitation. What concessions, if any,
in variance of allegations in the bill, were made before
the trial court, is not disclosed by the record before
us, but it appears that the demurrer was sustained
on the theory that a chattel mortgage foreclosure was
shown, the court saying:

"I can see much difficulty in trying to work out this
act as applying to a person who holds a chattel mort-
gage, and I can't see how the court is going to do it.
* * * Under this sales in bulk act if he is buying
this property, then he can compel Mr. Brink to give

him a list of creditors. But a man taking possession of property under a chattel mortgage never can comply with the act because he cannot compel a list of creditors. So that if you are going to say that that act compels a man taking possession under a chattel mortgage, I don't care whether his mortgage is valid as to creditors or not, why he never. dares to take possession. He can't get a list of the creditors. That, coupled with the suggestion that I made to counsel during the arguments, compels me to believe that this act should not be held to apply to a case of this kind. But before we go into any question of proofs in the matter, I think we can get the matter decided if counsel desire to take it to the Supreme Court.  *  *  * An order will be prepared  *  *  * sustaining the demurrer."

An order was thereupon entered sustaining the demurrer with costs, and subsequently said bill was dismissed.

Except as inferable from the opinion of the trial court, it is not made clear from the record and briefs before us that complainants contend the mortgagor, if he did no more than submit without resistance or protest to a legal demand, and only allowed the mortgagee to take possession of mortgaged property under a valid chattel mortgage and foreclose the same, would make a voluntary sale or transfer of such property in violation of the sales in bulk act, but the views of the trial court upon that proposition appear to be the controlling reason and only ground given for sustaining the demurrer.

While we are constrained to conclude that the bill of complaint cannot, upon its face, be construed as alleging only an attempted foreclosure, in view of the condition of this record upon that question, it may be said, in overruling the demurrer, that we are well satisfied a regular foreclosure of a valid chattel mortgage, though it results in a sale of the property to realize the indebtedness secured thereby, is not a voluntary sale, transfer, or assignment as contemplated

by the provisions of said Act No. 223, Pub. Acts 1905.

In the present state of the record upon this demurrer, we deem it premature to consider the various other questions raised in briefs of counsel, which are not shown to have been passed upon by the trial court, and which may or may not be controlling, or important under the proofs. As before stated, the value of this property alleged to have been transferred is not disclosed, and an outright voluntary sale or transfer of it by Brink to Hanson, conveying a complete title so that the latter could keep, sell, or otherwise dispose of it as his own, could well be held, under facts which might be proven, to require compliance with the act in question, and invalid if they were ignored, under such conditions as would entitle complainants to equitable interference even though Hanson may have held a valid chattel mortgage upon this stock for some amount which might or might not, according to the proofs, have been sufficient to cover the purchase price agreed upon.

The demurrer will be overruled, with costs to complainants, and defendants allowed 20 days within which to plead over as they may be advised.

Reversed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.